NOT FOR PUBLICATION    REDACTED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT VICTOR ROGGIO, et al., | Civil Action No.: 08-4991 (JLL) |
| Plaintiffs, | OPINION |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION, et al., | |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court on the motion to dismiss filed by the Federal Bureau of Investigation ("FBI") and the cross-motion to amend the Complaint filed by Plaintiffs. Plaintiffs allege that the FBI and various unknown FBI agents improperly accessed Mr. Roggio's criminal history ("rap sheet") and posted it on the internet in violation of federal law and their constitutional rights. Plaintiffs further alleged that the rap sheet was "further distributed to Mr. Roggio's lender banks, business associates, legal counsel, and family." (Compl. ¶ 4.) Plaintiffs assert that these disclosures "virtually destroyed Mr. Roggio's livelihood, forcing his company into bankruptcy and causing his personal residence to fall into foreclosure." (Id.)

This Court has considered the submissions in support of and in opposition to the motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the FBI's motion to dismiss is granted in part and denied in part, and the Plaintiffs' motion to amend the Complaint is granted.

I.  **FBI'S MOTION TO DISMISS**

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully;" mere consistency with liability is insufficient. Id. In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

A.  **Count I: Privacy Act Claim**

To state a claim for a violation of the Privacy Act, 5 U.S.C. § 552a(b), four elements must be established: "(1) the information is covered by the Act as a 'record' contained in a 'system of records'; (2) the agency 'disclosed' the information; (3) the disclosure had an 'adverse effect' on the plaintiff (an element which separates itself into two components: (a) an adverse effect standing requirement and (b) a causal nexus between the disclosure and the adverse effect); and (4) the disclosure was 'willful or intentional.'" Quinn v. Stone, 978 F.2d 126, 131 (3d Cir. 1992). For purposes of its motion to dismiss, the FBI does not contest that the rap sheet is a record covered by the statute. Rather, it argues that Plaintiffs' Complaint fails to allege sufficient facts that the rap sheet was disclosed by the FBI, that the harm alleged by Plaintiffs was caused

by the disclosure, and that if the FBI was responsible for the disclosure that such disclosure was willful or intentional. This Court agrees with the FBI that Plaintiffs' Complaint fails to allege sufficient facts supporting that the FBI, as opposed to some other law enforcement body, disclosed the rap sheet. Plaintiffs base their allegation on their assertion that the rap sheet posted on the internet contained ▓▓▓▓ information and that, therefore, the FBI must have been responsible for the disclosure. Many law enforcement entities have access to criminal history information. Without more, the mere fact that the posting contained some expunged information does not support the broad conclusion that, therefore, it must have been disclosed by the FBI. Therefore, this Court dismisses Plaintiffs' Privacy Act against the FBI claim without prejudice.

**B.   Count II: Fifth Amendment Claim**

Plaintiffs assert that the FBI and unknown FBI agents violated their Fifth Amendment rights by the alleged rap sheet disclosure, which they assert was an unconstitutional invasion of their privacy. This Court construes Plaintiffs' Fifth Amendment claim against the FBI and its agents as a Bivens claim. See Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, (1971). With respect to the FBI, the Supreme Court has made clear that Bivens actions are not available against a federal agency. See FDIC v. Meyer, 510 U.S. 471, 486 (1994). Therefore, this Court dismisses Plaintiffs' claim for a violation of their constitutional rights against the FBI with prejudice.

Although Bivens actions may be available against federal officials, including FBI agents, there are limitations. For example, where statutory provisions exist that provide a comprehensive remedial scheme for the harm alleged, a Bivens action will not also be available. See Shreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) ("When the design of a

Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional Bivens remedies.") (quoting Schweiker v. Chilicky, 487 U.S. 412, 423 (1988).

The Privacy Act, under which Plaintiffs also bring suit, provides a remedial scheme for damages. See 5 U.S.C. § 552a(g)(4). Numerous courts that have considered whether the Privacy Act's remedial scheme is sufficiently comprehensive to bar an additional Bivens claim have answered in the affirmative, holding the Bivens claim to be precluded. See, e.g., Downie v. City of Middleburg Heights, 301 F.3d 688, 695-696 (6th Cir. 2002); Chung v. DOJ, 333 F.3d 273, 274 (D.C. Cir. 2003), aff'g in relevant part, No. 00-cv-1912, 2001 U.S. Dist. LEXIS 25302, at *10-12 (D.D.C. Sept. 20, 2001); Patterson v. FBI, 705 F. Supp. 1033, 1045 n.16 (D.N.J. 1989). Because Plaintiffs' claim for constitutional violations is based on the same facts as its Privacy Act claim and because this Court agrees that the Privacy Act is a comprehensive remedial scheme, it also dismisses with prejudice Plaintiffs' constitutional violation claim against any unknown FBI agents.

### C. Other Counts

The FBI in its motion does not provide any arguments on the merits against Plaintiffs' remaining tort claims against unknown John Doe defendants. Rather, the FBI argues that if Counts I and II are dismissed against it, the only named defendant, the remaining Counts also should be dismissed. This Court disagrees. Because it dismisses Count I without prejudice, the Court finds that it would be premature to dismiss Counts III through VI at this time.

## II.   PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

A party may amend a pleading "once as a matter of course . . . before being served with a responsive pleading . . . ." Fed. R. Civ. P. 15(a)(1)(A); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). "After amending once or after an answer has been filed, the plaintiff may amend only with leave of court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" Shane, 213 F.3d at 115 (citing Fed. R. Civ. P 15(a)). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." Id. An amendment is futile when a proposed amended complaint "would fail to state a claim upon which relief could be granted." Id. Thus, "[i]n assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id.

Plaintiffs' cross motion to amend argues that if its original Complaint is found to be deficient it should be permitted to file an amended complaint correcting the deficiencies. Plaintiffs' submitted a proposed amended complaint as an exhibit to its motion. As held above, the Court agrees with Plaintiffs that an opportunity to amend with respect to Count I is appropriate. Additionally, the Court has reviewed Plaintiffs' proposed amendment and finds that the additional facts provided correct the prior deficiencies, adequately stating a claim for a Privacy Act violation against the FBI. Specifically, Plaintiffs provide a rap sheet comparison chart and additional information about ▬▬▬▬ an incident ▬▬▬▬ which, when accepted as true and drawing all reasonable inferences in Plaintiffs' favor, could support Plaintiffs' conclusion that the FBI was responsible for disclosure of the rap sheet. (See Pls.' Sur Reply; Pls.'s Cross Mot., Ex. A, Am. Compl. & Jury Demand ¶¶ 23, 49 [hereinafter "Prop. Am.

Compl."] (submitted separately under seal).) If an originating law enforcement entity no longer had the records containing some of the information posted and the FBI maintains comprehensive criminal history records, it is reasonable to infer that such sensitive information came from the FBI. Additionally, with respect to whether such alleged disclosure was willful or intentional, although Plaintiffs' original Complaint noted an incident by an FBI agent in 1983 claimed to be similar, Plaintiffs' amendment adds numerous pages of additional details of the prior incident, describing an alleged prior release of confidential information by FBI agents that, if taken as true, are very similar to the current allegations. (Prop. Am. Compl. ¶¶ 29-48, 50-51.) Finally, these same facts, if taken as true, support Plaintiffs' allegation that the disclosure caused the financial harm alleged here. In court proceedings related to the prior incident relied on by Plaintiffs, the presiding judge stated that one of Mr. Roggio's loans was called "[b]ecause of the information given by the FBI." (See id., Ex. I.) Therefore, the facts alleged assert that prior FBI disclosures had a negative financial impact on Mr. Roggio; a reasonable inference is that a causal nexus exists between the alleged harm here and any alleged disclosure of his rap sheet to his financial institutions and business associates. Therefore, the Court finds that the proposed amendment would not be futile and grants Plaintiffs' motion to amend.

## IV. CONCLUSION

For the foregoing reasons, this Court grants in part and denies in part the FBI's motion to dismiss Plaintiffs' original complaint; the Court grants dismissal of Count I, without prejudice, and Count II, with prejudice, and denies dismissal of the other Counts. This Court also grants Plaintiffs' motion to amend the complaint and accepts the proposed Amended Complaint for filing except that, in accordance with the motion to dismiss ruling, Count II is stricken from the

amendment. Finally, because the proposed Amended Complaint and various other documents supporting Plaintiffs' motion to amend were filed under seal, this Court is filing this Opinion under seal. However, unless an appropriate motion to seal is filed within seven (7) days of the date of this Opinion, it will be unsealed. An appropriate Order accompanies this Opinion.

DATED: July 8, 2009

/s/ Jose L. Linares
Jose L. Linares
United States District Judge