**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT VICTOR ROGGIO, et al., | Civil Action No.: 08-4991 (JLL) |
| Plaintiffs, | **OPINION** |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION, et al., | |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court on the motion for reconsideration filed by the Federal Bureau of Investigation ("FBI"). This Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons discussed herein, the Court denies the FBI's motion.

## I.       BACKGROUND

This case arises from the posting of Vincent Roggio's rap sheet on the internet and the alleged further dissemination of this criminal history information to his lender banks, business associates, legal counsel, and family. Mr. Roggio asserts that the FBI is responsible for the dissemination. On May 1, 2009, the FBI filed a motion to dismiss Plaintiffs' Complaint. Plaintiffs opposed the motion and filed a cross-motion to amend the complaint. On July 8, 2009, this Court granted the FBI's motion with respect to Plaintiffs' Privacy Act claim (Count I),

dismissing it without prejudice, and Plaintiffs' Fifth Amendment claim (Count II), dismissing it with prejudice.  The Court denied the FBI's motion with respect to the other counts in the Complaint.  In the same Opinion and corresponding Order this Court also granted Plaintiffs' motion to amend.  The FBI presently seeks reconsideration of the decision granting Plaintiffs' motion to amend the complaint and the corresponding holding that such amendment would not be futile as the amendment sufficiently stated a Privacy Act claim against the FBI.

## II.    LEGAL STANDARD

"Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly.'" See L.Civ.R. 7.1(I) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005).  A motion for reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."  L.Civ.R. 7.1(I).  When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it."  McGovern v. City of Jersey, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008).

## III.   DISCUSSION

The FBI's papers in support of its motion make clear that the Court considered the facts and issues pointed to by the FBI in its present motion.  The FBI does not point to facts or law which the Court *overlooked*.  What the FBI in essence is arguing is that the Court analyzed the facts erroneously.  Disagreement with the Court is what appeals are for, not motions for reconsideration.

In Plaintiffs' original Complaint the basic facts they asserted were that Mr. Roggio's rap

sheet was inappropriately disseminated and that the FBI had access to the disseminated information. This Court found such bare facts insufficient to state a Privacy Act Claim given that many law enforcement entities have access to criminal history information. However, in the Amended Complaint, Plaintiffs added facts that could, when read in a light most favorable to Plaintiffs, support a finding that not all law enforcement entities had access to all of the information that was disseminated here–that the FBI was the entity that had the most comprehensive criminal history information, including certain items not available to general law enforcement. Based on these new factual allegations asserted by Plaintiffs in their amended complaint, the Court found that an inference could be drawn that the FBI was the entity responsible for the dissemination. From other detailed new facts in the Amended Complaint the Court also found that, reading the evidence in the light most favorable to Plaintiffs, that Plaintiffs had sufficiently plead facts from which a fact finder could determine that such dissemination was willful. The FBI disagrees with these conclusions. But, as noted before, mere disagreement with this Court's conclusion is not a basis for reconsideration.

The FBI states that "the default assumption cannot be that any and all misuse of . . . information is automatically ascribable to the FBI." (Ltr. Br. in Support of Mot., at 2.) In its reply to Plaintiffs' opposition it states "that the improper dissemination of a rap sheet does not necessarily mean that the FBI had anything to do with it." (Ltr. Reply, at 2.) This Court agrees which is why it granted the FBI's motion to dismiss the Privacy Act claim as stated in the original Complaint. But, Plaintiffs' Amended Complaint asserts facts, which are accorded a presumption of truth for purposes of a motion to amend the complaint, that go beyond this basic assumption. This does not mean, as the FBI tries to dramatically assert, that this Court is saying

that the FBI is responsible for all criminal history dissemination.  In fact, this Court's ruling did not even hold that the FBI is responsible for the dissemination at issue here; it merely held that Plaintiffs had alleged sufficient facts in the Amended Complaint to proceed with this case.  As correctly pointed out by the FBI, to ultimately prevail on their Privacy Act claim, Plaintiffs have the burden of showing that the FBI was the entity responsible for the disclosure and that such disclosure was willful or intentional.

## IV.    CONCLUSION

For the foregoing reasons, this Court denies the FBI's motion for reconsideration.  An appropriate Order accompanies this Opinion.

DATED: August 25, 2009                  /s/ Jose L. Linares_____
                                        JOSE L. LINARES
                                        UNITED STATES DISTRICT JUDGE