NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT VICTOR ROGGIO, et al., | Civil Action No.: 08-4991 (JLL) |
| Plaintiffs, | |
| v. | OPINION |
| FEDERAL BUREAU OF INVESTIGATION, et al., | |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiffs' ("Plaintiffs" or "Roggio") appeal of Magistrate Judge Falk's Order dated December 2, 2010 ("December 2nd Order") denying certain discovery requests made by Plaintiffs. This Court has reviewed the appeal and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court AFFIRMS Magistrate Judge Falk's December 2nd Order.

I.     BACKGROUND

This case arises from the posting of Vincent Roggio's rap sheet on the internet and the alleged further dissemination of his criminal history information to his lender banks, business associates, legal counsel, and family. Mr. Roggio asserts that the FBI is responsible for the dissemination. Due to the myriad facts associated with this matter, only those facts relevant to the present appeal are listed here.

In connection with this ongoing action, on December 1, 2010, Magistrate Judge Falk conducted a hearing in which he made the following discovery rulings: (1) that the FBI should provide for the Court's <u>in camera</u> inspection all documents relating to FBI contacts with Emmanouil, Pallon, and other Roggio Associates to the extent that those documents deal directly with Mr. Roggio's rap sheet or FBI number; (2) that the FBI should provide for the Court's <u>in camera</u> inspection of all documents relating to the FBI's July 2006 QH query regarding Mr. Roggio; (3) that the FBI should identify employees with knowledge regarding the subject matter of this case; and (4) that, although it was not raised by Plaintiffs until the hearing, the FBI should work with Plaintiffs to provide a readable version of the computer rap sheet.  Brief in Opposition to Appeal of Magistrate Judge Falk's Discovery Order ("Def. Brief") at 12-13.  Judge Falk denied all of Plaintiffs' other requests pursuant to various privileges.  Plaintiffs appeal this order and seek to discover the following from the FBI:

> (1) the dates when Zachary Emmanouil and Anthony Emmanouil met with and/or spoke to FBI agents on the phone concerning Roggio ("Request 1"); (2) the names of FBI agents who met with and/or spoke to Zachary Emmanouil and Anthony Emmanouil on the phone ("Request 2"); (3) a copy of each report prepared by the FBI concerning each meeting with Zachary and/or Anthony Emmanouil and each telephone conversation with each ("Request 3"); (4) the name(s) of the FBI agent(s) who spoke to Mitchell Pascual about Roggio, the date(s) of the conversation and any written reports of each conversation ("Request 4"); (5) the dates(s) when the FBI met and/or spoke to Mondo Pallon, Frank Costa and Barbara Costa and a copy of the report for each such contact; ("Request 5"); (6) a copy of the documents given to the FBI by Mondo Pallon concerning Roggio ("Request 6"); (7) the name of the FBI agent who directed the QH query of Roggio's record on July 20, 2006 and a copy of any report conducted with this query ("Request 7"); (8) that the FBI produce an agent who has knowledge of the FBI repository computer record system and its maintenance and means of access.  Moreover, this agent must be capable of testifying to off-line access and other means available to the FBI to gain information about an

>individual's past criminal history ("Request 8"); (9) the deposition of one or more FBI agents, as needed ("Request 9")[1].

Reply Brief of Plaintiffs in Further Support of Their Motion to Appeal ("Reply Brief") at 8-9. Plaintiffs also currently seek to discover all information obtained by Mr. Pascual regarding Roggio's criminal history. Brief of Plaintiffs' in Support of Motion to Appeal the December 2, 2010 Order of Magistrate Judge Mark Falk ("Pl. Brief") at 18.

## II. LEGAL STANDARD

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matters pending before the Court pursuant to 28 U.S.C. § 636(b)(1)(A). The district court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (citing United States v. U.S. Gypsum Co., 333 U.S. 364 (1948)). Ths district court will not reverse the magistrate judge's determination, even in circumstances where the court might have decided the matter differently. Bowen. v. Parking Auth. Of City of Camden, 2002 WL 1754493 at *3 (D.N.J. July 30, 2002). A ruling is only "contrary to law" when the magistrate has misinterpreted or misapplied the applicable law. See e.g., Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F.Supp.2d 761, 764 (D.N.J. 2000). The appealing party bears the burden of demonstrating that the magistrate judge's decision was in error. Marks v. Struble, 347 F. Supp.2d 136, 149 (D.N.J. 2004).

---

[1] Judge Falk has already permitted Plaintiffs to take the deposition of FBI agent Robert Rudge,

**III.   ANALYSIS**

Plaintiffs raise several challenges to Magistrate Judge Falk's December 2nd Order. Namely, that Judge Falk erred by finding that (1) the law enforcement privilege applies to the information sought to be discovered by Plaintiffs from the FBI; and (2) that the attorney-client privilege applies to the information sought to be discovered by Plaintiffs from Mitchell Pascual, Esq.

Plaintiffs' first objection, that Judge Falk "took the Defendant's objections at face value and denied Plaintiffs any access to the proper channels for reviewing the privilege issues," is without merit. In their briefs, Plaintiffs rely on the same cases that "Judge Falk [cited] as the basis for his ruling," which concedes the argument that Judge Falk failed to consider the controlling law on these issues. Pl. Brief at 10. To the contrary, Judge Falk addressed all of Plaintiffs' allegations and issued his rulings based on valid case law. To the extent that Plaintiffs argue that Judge Falk misapplied the law, those claims are addressed below. However, the Court finds that Plaintiffs' argument that Judge Falk failed to consider the applicable law is without merit.

Despite Plaintiffs' assertion that "the law is abundantly clear on matters involving the law enforcement privilege," to the contrary, "the law enforcement privilege doctrine in federal courts is left to the courts to develop on a case-by-case basis." Jones v. De Rosa, 238 F.R.D. 157, 164 (D.N.J. 2006) (citing Torres v. Kuzniasz, 963 F.Supp. 1201, 1208 (D.N.J. 1996) ("There appears to be no continuity among federal courts regarding what privileges can be invoked by law enforcement officials . . ."). However, while the question of when to invoke the law enforcement privilege remains unclear, its purpose is well-established: (1) to prevent the disclosure of law

enforcement techniques, procedures, and sources; (2) to protect witnesses and others involved in a law enforcement investigation; and (3) to prevent interference with an investigation.  In re Dept. Of Investigation of the City of New York, 856 F.2d 481, 484 (2d Cir. 1988); Startzell v. City of Philadelphia, 2006 WL 2945226 *4 (E.D. Pa. 2006).  In advancing its purposes, Courts must balance the public interest in confidentiality of government information against the needs of a litigant to obtain data.  Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973) (overruled on other grounds) (providing a list of factors to consider when determining whether to apply the law enforcement privilege known as the "Frankenhauser Factors") .

With respect to advancing the purposes of the law enforcement privilege, Judge Falk stated that one of the main reasons that this privilege exists is to make sure that people feel free to come forward and speak to the government about sensitive issues.  Transcript of December 1, 2010 Hearing Before The Honorable Mark Falk ("Hearing Transcript") at 49-50.  After enumerating and considering the Frankenhauser Factors, the Court ultimately found "that the relevant aspect of any of these contacts is limited to whether there was a disclosure of the rap sheet . . . beyond that, the law enforcement privilege is particularly applicable in this case." Hearing Transcript at 50-52.  Despite questions of relevance, after performing the balancing test, Judge Falk remained concerned that failure to apply the privilege in this case "would have serious effect on citizens coming forth, whether correct or incorrect and regardless of motive, of coming forward to the United States agency.  And I'm not going to order that information on these kinds of files be produced."  Hearing Transcript at 51-52.

Plaintiffs contend that Judge Falk's rulings are in "complete contradiction to his finding of relevance and to the applicable law governing the law enforcement privilege."  Pl. Brief at 12.

This Court disagrees. First, Plaintiffs' characterization of Judge Falk's findings is misleading. In fact, regarding those requests where Judge Falk found there were questions of whether privilege trumped relevance, Judge Falk ordered that Defendant supply the requested documents for <u>in camera</u> review. <u>See</u> e.g. Hearing Transcript at 44-45 ("Under the liberal standard of disclosure . . . . I'm going to . . . order that you provide for <u>in camera</u> review the information on the July 2006 alleged pulling of . . . the QH check."). As to the requests that Judge Falk outright denied, it is unclear that he found that those requests were relevant at all. <u>See</u> e.g. Hearing Transcript at 47, 52 (denying the request for documentation of the QR because "I believe they are not only privileged but not relevant"); <u>see also</u>, Hearing Transcript at 48-49 (stating that the QR "arguably has relevance" or "could have relevance" and only "to the extent that there was evidence that there was a transfer of the rap sheet from FBI to these third parties, clearly relevant . . .[although] unlikely). Second, even if the information is relevant under Rule 26, it is not discoverable if protected by a privilege. <u>Pearson v. Miller</u>, 211 F.3d 57, 65 (3d Cir. 2000) (citing Fed. R. Civ. P. 26) ("26(c) grants federal judges the discretion to issue protective orders that impose restrictions on the extent and manner of discovery where necessary 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'").

     Plaintiffs confuse disagreement with Judge Falk's ultimate holding, and that which is relevant in determining whether Judge Falk's decision is contrary to law. Although the determination for this Court is whether Judge Falk's decision was clearly erroneous, in their brief, Plaintiffs have effectively chosen to relitigate why they believe they are entitled to their discovery requests. However, Plaintiffs never once point to an instance where Judge Falk fails to apply the proper balancing test or purport to advance the purposes of the law enforcement

privilege. Plaintiffs arguments attempt to convince this Court that it would have decided the matter differently, but not that Judge Falk's decision runs afoul of the applicable law. Thus Plaintiffs have not met their burden — demonstrating that Judge Falk's invocation of the law enforcement privilege was clearly erroneous — to prevail on appeal.

With respect to Plaintiffs' second objection, Plaintiffs argue that the information Plaintiffs sought from Mr. Pascual during his deposition is not entitled to protection under the attorney-client privilege. In order for a a communication to be subject to the attorney-client privilege, first, the communication must originate in confidence and not be disseminated beyond those persons who need to know its contents. Second, the communication must be with an attorney for the express purpose of securing legal advice. Fisher v. United States, 425 U.S. 391, 403 (1976).

Again, Plaintiffs bear the burden of demonstrating that Judge Falk's rulings have run afoul of this standard. However, as with their arguments regarding the law enforcement privilege, Plaintiffs' briefing is tantamount to complete relitigation of the underlying request rather than a demonstration that Judge Falk's reasoning and decision was clearly erroneous. Only once on this issue do Plaintiffs even cite to the record. In that instance Plaintiffs allege, "Judge Falk recognized that inclusion of the information at issue in the Complaint rendered Pascual's assertion of privilege questionable: '[G]iven that it's a draft of a complaint that's expected to be made public, there's also a lot of authority going the other way.'" Pl. Brief at 23 citing Hearing Transcript at 19. However, Plaintiffs failed to note that Judge Falk ordered Mr. Pascual to produce this document for in camera review. Hearing Transcript at 19-20. Neither party has represented to this Court that Judge Falk has made a final determination as to whether

this document is privileged.  This Court will not preempt his judgment on this issue.  Plaintiffs do not highlight any other instances of alleged error by Judge Falk; instead, their brief amounts to a survey on the law governing attorney-client privilege.  Without a clear demonstration that Judge Falk's decision runs contrary to law, Plaintiffs cannot prevail on appeal.  In light of the foregoing, Judge Falk's December 2nd Order must be affirmed.

### IV.     CONCLUSION

For the reasons set forth above, Judge Falk's Order dated December 2, 2010 is hereby affirmed.  An appropriate order accompanies this decision.


DATED: March 18, 2011


    /s/ Jose L. Linares
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE