**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VINCENT VICTOR ROGGIO,** *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> **FEDERAL BUREAU OF INVESTIGATION,** *et al.*, <br><br>  Defendants. | **Civil Action No. 08-4991 (ES) (JRA)** <br><br> **OPINION** |

**SALAS, DISTRICT JUDGE**

Presently before the Court is a motion filed by *pro se* Plaintiff Vincent Roggio ("Plaintiff" or "Roggio") to reopen this case and set aside the Court's November 28, 2012 Opinion and Order pursuant to Federal Rules of Civil Procedure 60(b) and 60(d). (D.E. No. 182 ("Mov. Br.")). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiff's motion is **DENIED**.

**I.  BACKGROUND**

This case arises from the dissemination of Plaintiff Vincent Roggio's criminal history record. (D.E. No. 168 ("Nov. 2012 Op.") at 2). This criminal history record surfaced while several highly contentious civil actions involving Roggio were pending in this Court, each of which are discussed below in greater detail where relevant.

By way of background, in 1987, a jury sitting in the Southern District of Florida convicted Roggio on three counts of mail fraud and four counts of making false statements to influence bank loans. *United States v. Roggio*, No. 85-0764 (S.D. Fla. Apr. 20, 1987) (D.E. No. 124). The

1

Eleventh Circuit affirmed on direct appeal, *United States v. Roggio*, 863 F.2d 41 (11th Cir. 1989), and the Sixth Circuit denied his petition for post-conviction habeas relief, *Roggio v. Clark*, 977 F.2d 582 (6th Cir. 1992).

Beginning in late 2000, Roggio formed a relationship with Zachary Emmanouil, a Florida attorney. (D.E. No. 132 ("Aug. 2011 Op.") at 2). Although Emmanouil at least initially provided legal services for Roggio, "the two began to discuss commercial business opportunities and eventually entered into a series of failed real estate investments." (*Id.* at 2). In March 2006, Emmanouil and several other members of his family filed suit against Roggio in the District of New Jersey for fraud, breach of contract, and conversion, alleging that Roggio made false representations which caused them to lose substantial sums of money. (*Id.* at 2–3). Emmanouil and the other plaintiffs were represented by Mitchel Pascual of Scarinci & Hollenbeck. (*Id.*). Part of Emmanouil's complaint included Roggio's "entire non-public record of criminal history, dating as far back as 1973." (*Id.* at 3). Although the court struck the complaint in its entirety, thereafter, abstracts of Roggio's criminal history record were allegedly published on a "libelous and defamatory [] website" that was created "with the intent to wrongfully divert potential customers of [Mr.] Roggio's business[.]" (Nov. 2012 Op. at 3 (quoting D.E. No. 102 ("Second Am. Compl.") ¶ 26)). According to Roggio, the criminal history information on the website could only have been obtained from his confidential Federal Bureau of Investigation ("FBI") report, which was compiled, maintained and in the possession of Defendant FBI, and protected by law from unauthorized dissemination. (*Id.* (citing Second Am. Compl. ¶ 27)).

According to Roggio, Emmanouil came upon Roggio's FBI criminal history record by way of the Gardner, Massachusetts Police Department. (*Id.* at 5). Roggio pointed to the fact that, on the morning of January 11, 2006, Edward Basener, a Gardner court clerk and part-time security

officer at the Hannaford Supermarket in Gardner, asked William Grasmuck, a detective at the Gardner Police Department, to pull Roggio's criminal history record. (*Id.*). Grasmuck then allegedly contacted a Gardner Police Department dispatcher and provided her with information about Roggio. (*Id.*). According to Roggio, the dispatcher then pulled Roggio's criminal history record because Roggio was apparently suspected of shoplifting at the Hannaford Supermarket. (*Id.*). That same day, Emmanouil sent his attorney, Pascual, an email that contained a large attachment in furtherance of his lawsuit against Roggio, which resulted in the disclosure of Roggio's criminal history in Emmanouil's complaint. (*Id.* at 5 & 8). The next day, Pascual spoke with an FBI agent who told him that Mr. Roggio was a "bad guy," and that the agency was looking into certain issues pertaining to Mr. Roggio. (*Id.* at 5–6). Further, prior to January 11, 2006, Emmanouil spoke with FBI agents on two separate occasions to inquire about Mr. Roggio. However, they refused to give him any information. (*Id.* at 6).

On October 8, 2008, Plaintiffs Vincent Victor Roggio and Callie Lasch Roggio[1] (together, "Plaintiffs") filed suit against the FBI, alleging that the disclosure of Roggio's criminal history record violated his rights under the Privacy Act and the Fifth Amendment. (D.E. No. 1 ("Compl.")). In July 2009, the Court dismissed Plaintiffs' Privacy Act claim against the FBI without prejudice for failure to plead sufficient facts, and it dismissed Plaintiffs' Fifth Amendment claim against the FBI with prejudice for failure to state a claim as a matter of law. (D.E. No. 29). Plaintiffs then filed a first amended complaint that provided additional facts in support of the Privacy Act claim. (D.E. No. 31 (Am. Compl.")). After the parties engaged in fact discovery, Plaintiffs moved for leave to file a second amended complaint that included Fifth Amendment and

---

[1] To the extent that Roggio attempts to bring the present motion on behalf of Plaintiff Callie Lasch Roggio, any such attempt is improper. It is well-settled that one *pro se* litigant cannot represent another *pro se* litigant. *See Belpasso v. Bender,* No. 08–3362, 2009 WL 2762354, at *1 (D.N.J. Aug. 28, 2009). As such, the Court construes the present motion as being brought only by Roggio.

3

administrative claims against the FBI. (D.E. No. 119). The Court denied Plaintiffs' motion because, among other things, it had already dismissed the Fifth Amendment claim with prejudice and the doctrine of sovereign immunity barred the administrative claims. (Aug. 2011 Op. at 12–15).

On November 28, 2012, the Honorable Dickinson R. Debevoise, U.S.D.J., granted the FBI's motion for summary judgment and dismissed the Privacy Act claim. (Nov. 2012 Op. at 9). The Court held that Plaintiffs could not sustain a cause of action under the Privacy Act because there was no evidence in the record that indicated that the FBI willfully or intentionally participated in disclosing Roggio's criminal history record. (*Id.* at 7–9). Plaintiffs insisted that there was "strong circumstantial evidence of a link between the FBI" and the request for Roggio's criminal history by the Gardner Police Department, and specifically pointed to the fact that: (i) the Gardner Police Department's accessing of Roggio's criminal history was performed under the false pretense that he had committed a crime; (ii) the Gardner Police Department obtained access to Roggio's criminal history using Roggio's confidential FBI number; (iii) FBI agents spoke with Emmanouil about Roggio sometime before the Gardner Police Department obtained access to Roggio's criminal history; and (iv) the same day the Gardner Police department accessed Roggio's criminal history record, Emmanouil sent Pascual an email regarding his lawsuit against Roggio, which resulted in the disclosure of details from Roggio's criminal history record in Emmanouil's complaint. (*Id.* at 8). The Court held that those facts, "while curious," nevertheless "d[id] not allow for a reasonable inference that the FBI willfully participated in disclosing Mr. Roggio's criminal history." (*Id.*). Though Plaintiffs suggested that the FBI disclosed Roggio's FBI number to Emmanouil, which made its way to the Gardner Police Department, which used it to retrieve his criminal history record and disclose it to Emmanouil, the Court held that there was "no evidence

4

linking the FBI to the disclosure" of Roggio's criminal history record. (*Id.*). Further, the Court emphasized that Emmanouil and Pascual "both testified unequivocally at deposition" that while they spoke to FBI agents, "those agents refused to turn over any information whatsoever." (*Id.*). Finally, the Court noted that "it [wa]s undisputed that many state, federal, and local law enforcement agencies ha[d] access to Mr. Roggio's FBI number," and thus "sufficient information to access Mr. Roggio's [criminal history record] need not have come directly from the FBI." (*Id.* at 9). Accordingly, on November 28, 2012, the Court dismissed the Privacy Act claim against the FBI and terminated the case. (*Id.*).

Eleven years later, on September 5, 2023, Roggio filed a motion to reopen this case and nullify the Court's November 28, 2012 Opinion and Order, arguing that they are "void ab initio." (D.E. No. 170). On November 13, 2023, Roggio filed a motion for an in-person evidentiary hearing due to the FBI's failure to respond to his motion to reopen the case. (D.E. No. 171). On January 2, 2024, Roggio filed a second motion for an evidentiary hearing. (D.E. No. 178). On February 21, 2024, Roggio filed a new motion to reopen this case ("Motion to Reopen") and nullify the Court's November 28, 2012 Opinion and Order pursuant to Rules 60(b)(4), 60(b)(6), 60(d)(1) and 60(d)(3) of the Federal Rules of Civil Procedure. (*See* Mov. Br.). Because in his Motion to Reopen, Roggio informed the Court that he had condensed his prior filings into his renewed motion, the Court terminated his prior motion to reopen and motions for evidentiary hearings as moot. (*See* D.E. No. 183). On June 26, 2024, the FBI filed an opposition to Roggio's Motion to Reopen, and on July 1, 2024, Plaintiff filed a reply. (D.E. No. 186 ("Opp. Br."); D.E. No. 187 ("Reply")).

## II.     LEGAL STANDARDS

### A.     Rules 60(b)(4) and 60(b)(6)

Rule 60(b)(4) provides that, "[o]n motion and just terms, the court may relieve a party or [his] legal representative from a final judgment, order, or proceedings [if] . . . the judgment is void." Fed. R. Civ. P. 60(b)(4). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.* The Third Circuit has held that "[a] judgment may indeed be void, and therefore subject to relief under 60(b)(4), if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered a decree which is not within the powers granted to it by law." *Marshall v. Bd. of Ed., Bergenfield, N.J.*, 575 F.2d 417, 422 (3d Cir.1978) (citation and quotations omitted). However, not just any alleged jurisdictional error renders a judgment void, and finality requires that courts construe the concept of void judgment narrowly. *Id.* at 422, n. 19. More specifically, a judgment is not void under Rule 60(b)(4) "simply because it is erroneous, or is based upon precedent which is later deemed incorrect or unconstitutional." *Id.* at 422. Rather, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271. A Rule 60(b)(4) motion on the grounds that a judgment is void may be brought at any time. *See United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000).

Rule 60(b)(6) permits a district court to vacate an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The standards for deciding a Rule 60(b)(6) motion are well settled. The Third Circuit "has consistently held that the Rule 60(b)(6) ground for relief from

6

judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d 188 (3d Cir.1988)). Under well-established principles, a Rule 60(b)(6) motion "may not be used as a substitute for an appeal," *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)), and relief under Rule 60(b)(6) is warranted "only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Norris v. Brooks*, 794 F.3d 401, 404 (3d Cir. 2015) (internal quotation marks omitted). Moreover, a Rule 60(b)(6) motion must be filed within a "reasonable time," which is determined by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties. *Dietsch v. United States,* 2 F. Supp. 2d 627, 633 (D.N.J. 1998).

### B. Rules 60(d)(1) and 60(d)(3)

Rule 60(d)(1) provides that a court has the power to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). "Although several courts of appeal have acknowledged that an independent action under Rule 60(d)(1) may be an appropriate vehicle for reviewing a time-barred Rule 60(b) motion, Rule 60(d) is available 'only to prevent a grave miscarriage of justice.'" *Jackson v. Ivens*, No. 01-0559, 2019 WL 4604027, at *3 (D. Del. Sept. 23, 2019) (citing *United States v. Beggerly*, 524 U.S. 38, 47 (1998)); *Mitchell v. Rees*, 651 F.3d 593, 597 (6th Cir. 2011)).

Rule 60(d)(3) provides that a court has the power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). "The concept of '[f]raud upon the court should . . . embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud

7

perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." *Hobbs v. Pennell*, No. 87-0285, 2009 WL 1975452, at * 3 (D. Del. Jul. 8, 2009) (citation omitted). Relief under Rule 60(d)(3) is available upon a showing of: (1) intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that "in fact deceives the court." *Gillespie v. Janey*, 527 F. App'x 120, 122 (3d Cir. 2013). A party seeking to reopen a case under Rule 60(d)(3) must establish fraud upon the court by clear and convincing evidence. *See Fake v. Pennsylvania*, 830 F. App'x 712, 713 (3d Cir. 2020).

## III.   DISCUSSION

In his Motion to Reopen, Roggio requests that the Court reopen this case and set aside the Court's November 28, 2012 Opinion and Order pursuant to Rules 60(b)(4), 60(b)(6), 60(d)(1), and 60(d)(3) of the Federal Rules of Civil Procedure. (*See* Mov. Br. at 1). The Court considers Roggio's request under each of these rules in turn.

### A.   Rule 60(b)(4)

In his Motion to Reopen, Roggio requests that the Court reopen this case and void the Court's November 28, 2012 Opinion and Order pursuant to Rule 60(b)(4) because the Court failed to take note of key prior findings issued by this and other courts in rendering its decisions; and because, in rendering its decision, the Court relied on the fact that Roggio had been convicted by a jury sitting in the Southern District of Florida for mail fraud and for making false statements even though that conviction was allegedly obtained unfairly and as a result of fraud. (Mov. Br. at 1–20). In opposition, the FBI contends that Roggio is not entitled to relief under Rule 60(b)(4). (Opp. Br. at 6–12). For the reasons set forth below, the Court agrees with the FBI.

8

First, Roggio argues that the Court should nullify the Court's November 28, 2012 Opinion and Order granting summary judgment to the FBI and dismissing Plaintiff's Privacy Act Claim against the FBI pursuant to Rule 60(b)(4) because it failed to note a prior finding made by the Honorable Jose L. Linares, U.S.D.J. in 2009. (Mov. Br. at 3). By way of background, in 2009, Judge Linares dismissed Plaintiffs' Fifth Amendment claim against the FBI with prejudice for failure to state a claim as a matter of law. (D.E. No. 29 at 3–4). However, Judge Linares dismissed Plaintiffs' Privacy Act claim against the FBI without prejudice. (*Id.* at 3). And in explaining why Plaintiff should be given an opportunity to amend his Privacy Act claim, Judge Linares stated that Roggio's proposed amendments to the complaint adequately stated a claim for a Privacy Act violation against the FBI. (*Id.* at 5). Specifically, Judge Linares noted that Roggio provided allegations in his proposed amendments which supported an inference that the FBI was responsible for the disclosure of his criminal history record. (*Id.* at 5–6). Roggio argues that the Court should nullify the Court's November 28, 2012 Opinion and Order pursuant to Rule 60(b)(4) because those decisions failed to rely on the allegations Judge Linares indicated could plausibly support a Privacy Act claim against the FBI. (Mov. Br. at 3). However, as the FBI points out (Opp. Br. at 7), this argument does not warrant relief under Rule 60(b)(4). Although Judge Linares found that Roggio should be given an opportunity to amend his Privacy Act claim because Roggio's proposed amendments to his complaint adequately stated a claim for a Privacy Act violation against the FBI (D.E. No. 29 at 5–6), Judge Debevoise later found on summary judgment that Roggio failed to set forth any record evidence to support his Privacy Act claim against the FBI, warranting summary judgment in favor of the FBI. (Nov. 2012 Op. at 7–9). Roggio does not otherwise direct the Court to any record evidence that Judge Debevoise failed to account for in the November 28, 2012 Opinion and Order in granting summary judgment to the FBI and dismissing Plaintiffs' Privacy

Act Claim. And regardless, such an argument surely does not indicate that the November 28, 2012 Opinion and Order are "premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard" to warrant relief under Rule 60(b)(4). *Espinosa*, 559 U.S. at 271.

Second, Roggio argues that the Court should nullify the Court's November 28, 2012 Opinion and Order because it failed to note a prior finding made by the Honorable Cathy L. Waldor, U.S.M.J. in July 2012, which found that there was good cause to seal a number of documents on the docket, including the parties' motion papers regarding the FBI's motion for summary judgment. (Mov. Br. at 4; Reply at 8). This argument has no merit. Though Judge Waldor found that there was good cause to seal a number of documents on the docket, including certain information contained in a confidential FBI history report, there is nothing in Judge Waldor's opinion to indicate that the FBI was responsible for the disclosure of Roggio's criminal history record such that Roggio could sustain a Privacy Act Claim against the FBI on summary judgment. (Opp. Br. at 8). Roggio does not otherwise direct the Court to any record evidence that Judge Debevoise failed to account for in the November 28, 2012 Opinion and Order in granting summary judgment to the FBI and dismissing Plaintiffs' Privacy Act Claim. And again, Roggio's argument does not otherwise show that in issuing the November 28, 2012 Opinion and Order, the Court "lacked jurisdiction of the subject matter or the parties or entered a decree which is not within the powers granted to it by law" to warrant relief under Rule 60(b)(4). *Marshall*, 575 F.2d at 422.

Third, Roggio argues that the Court should nullify the Court's November 28, 2012 Opinion and Order because a decision issued later by the Honorable Dennis Saylor, U.S.D.J. for the District of Massachusetts on November 19, 2013 indicated that Roggio's criminal history record was

unlawfully seized from an FBI database. (Mov. Br. at 3–4; Reply at 8). Again, this argument does not warrant relief under Rule 60(b)(4). By way of background, in 2010, Roggio filed suit in the United States District Court for the District of Massachusetts against Defendants William Grasmuck, a detective in the Gardner, Massachusetts Police Department and Edward Basener, a Gardner court clerk and part time security officer at the Hannaford Supermarket in Gardner, alleging that they improperly obtained and disseminated his criminal history record from a federal computer database in violation of the Massachusetts Criminal Offender Record Information statute. (*See* D.E. No. 182-1, Ex. B. to Mov. Br. at 1). After the case was tried to the Court without a jury, Judge Saylor entered a decision in favor of Roggio and awarded exemplary, but not actual, damages. (*Id.* at 1). In the decision, Judge Saylor noted that the evidence demonstrated that Grasmuck and Bacener improperly obtained and disseminated Roggio's criminal history record. (*Id.* at 14). However, that decision had nothing to do with the Privacy Act case brought by Roggio against the FBI and there is nothing in Judge Saylor's opinion to indicate that the FBI itself willfully or intentionally participated in the disclosure of Roggio's criminal history record such that Roggio could sustain a Privacy Act Claim against the FBI. (*See generally id.*). As such, these arguments surely do not indicate that the November 28, 2012 Opinion and Order are "premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard" to warrant relief under Rule 60(b)(4). *Espinosa*, 559 U.S. at 271.[2]

---

[2] Roggio also appears to argue that the Court should nullify the Court's November 28, 2012 Opinion and Order because the November 28, 2012 Opinion improperly stated that Roggio was convicted in the Western District of Tennessee when in fact he was actually convicted in the Southern District of Florida. (Mov. Br. at 5). However, Roggio fails to explain how such an error either establishes a jurisdictional error or a violation or due process. Nor does he explain what effect it would have on the Court's finding that there was no evidence to support Roggio's Privacy Act claim against the FBI. *See Marshall*, 575 F.2d at 422. As such, this argument is unavailing.

Fourth, Roggio argues that the Court should nullify the Court's November 28, 2012 Opinion and Order because it ignores the illegality of publishing highly confidential FBI data to unauthorized persons. (Mov. Br. at 5). This argument does not warrant relief under Rule 60(b)(4). At bottom, Roggio appears to contend that the District Court's judgments were incorrect. (*Id.* at 5–6). Such a contention, however, is not sufficient for obtaining relief under Rule 60(b)(4). *See, e.g.*, *Espinosa,* 559 U.S. at 270 (explaining that "[a] void judgment is a legal nullity," and that "[a] judgment is not void, for example, simply because it is or may have been erroneous" (internal quotation marks and citation omitted)).

Fifth, Roggio argues that the Court should nullify the Court's November 28, 2012 Opinion and Order because Emmanouil conspired with officers of the Court to unlawfully seize and publish the legally protected FBI data which included false and expunged records in violation of Roggio's fourth amendment and due process rights. (Mov. Br. at 19–20). This argument does not warrant relief under Rule 60(b)(4). As the FBI points out (Opp. Br. at 8), this Court never reached the merits of Plaintiff's constitutional claims, because it found that Plaintiff could not assert *Bivens* claims against a federal agency. (D.E. No. 29 at 3–4). Roggio cannot void the Court's November 28, 2012 Opinion and Order, which only addressed the remaining Privacy Act claim against the FBI, for failing to address his constitutional claims. *Marshall*, 575 F.2d at 422; *Azubuko v. Bunker Hill Cmty. Coll.*, 442 F. App'x. 643, 645 (3d Cir.2011) (affirming district court order denying relief under Federal Rule 60(b)(4), as plaintiff did not argue that court lacked jurisdiction over the complaint or acted without legal authority, and plaintiff merely "wishe[d] to proceed with his action in the District Court and claim[ed] that the [c]ourt committed legal error in dismissing his complaint").

Sixth, Roggio argues that the Court should nullify the Court's November 28, 2012 Opinion and Order because, in rendering its decision, the Court relied on the fact that Plaintiff had been convicted by a jury sitting in the Southern District of Florida for mail fraud and for making false statements. (Mov. Br. at 1–20). Roggio contends that this reliance was improper because his conviction was obtained unfairly and as a result of fraud. (*Id.*). Roggio identifies a number of alleged deficiencies with his underlying criminal trial including that (i) his conviction was based on the government's theory of prosecution of after-acquired debt which has no foundation in law; (ii) the indictment was faulty and fraudulent in violation of Roggio's constitutional rights; (iii) amendments made to the jury instructions during his trial were unprecedented; (iv) the Government did not present sufficient evidence to support its case against Roggio; (v) the uncontested false statements made by the Government to Roggio's banks and the grand jury were frauds upon the court; and (vi) the Southern District of Florida lacked jurisdiction to convict Roggio. (Mov. Br. at 5–19; Reply at 2–15). These arguments do not indicate that the Court's November 28, 2012 Opinion and Order should be nullified. All of these alleged errors concern the criminal trial in which Roggio was convicted for mail fraud and for making false statements. (Mov. Br. at 5–19; Reply at 2–15). None of those arguments, however, touch upon the Court's conclusion in its November 28, 2012 Opinion and Order, which held that Plaintiffs could not sustain a cause of action under the Privacy Act against the FBI because there was no evidence in the record that the FBI willfully or intentionally participated in the disclosure of Roggio's criminal history record. (Nov. 2012 Op. at 7–9). Accordingly, Roggio fails to explain how the alleged errors in his criminal trial either establishes a jurisdictional error or a violation of due process in this case that he initiated against the FBI. Nor does he explain what effect it would have on the Court's finding that there was no evidence to support Roggio's Privacy Act claim against the FBI.

13

*See Marshall*, 575 F.2d at 422. And to the extent Roggio seeks to challenge his conviction or sentence via an independent action under Federal Rule of Civil Procedure 60(b), that effort fails. As multiple courts within this Circuit and outside of this Circuit have recognized, Roggio may not seek relief from a criminal judgment or sentence under Federal Rule of Civil Procedure 60(b). *See* Fed. R. Civ. P. 1; *Murphy v. United States*, 836 F. App'x 84, 85 (3d Cir. 2021) (finding that defendant could not challenge his criminal judgment via Rule 60(b)(4) because "the Federal Rules of Civil Procedure (including Rule 60(b)) do not apply to criminal cases"); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998); *United States v. Pope*, 124 F. App'x 680, 681 (2d Cir. 2005) ("This motion is not an appropriate vehicle for defendant's attempt to vacate his criminal conviction because the Federal Rules of Civil Procedure govern 'suits of a civil nature.' While a Rule 60(b) motion may be used 'to set aside a habeas denial' in limited circumstances, it 'does not itself seek habeas relief.'"); *Hughley v. Dewalt*, No. 04–5013, 2004 WL 1749188, at *1 (D.C. Cir. Aug. 4, 2004) (per curiam) (concluding that "[t]he district court did not abuse its discretion in denying appellant's Rule 60(b) motion . . . as appellant must challenge any conviction from the District Court for the Eastern District of Tennessee through a § 2255 motion filed in that court"); *Fouche v. Mukasey,* No. 08–0374, 2008 WL 576986, at *1 (D.D.C. Feb. 29, 2008) ("Rule 60(b)(4) authorizes the [c]ourt to relieve a party from a final judgment that 'is void,' but a challenge to a federal conviction and sentence must be presented to the sentencing court by motion filed pursuant to 28 U.S.C. § 2255."), *aff'd,* 296 F. App'x 74, 74 (D.C. Cir. 2008).[3] And as the FBI points out (Opp. Br. at 10–11), Plaintiff has already filed countless motions asking the Southern District of

---

[3] In his moving brief, Roggio cites to the Supreme Court's decision in *Kemp v. United States*, 596 U.S. 528, (2022) to argue that Rule 60(b) applies to criminal cases. (Mov. Br. at 1). However, *Kemp* involved a motion to reopen proceedings that had been initiated pursuant to 28 U.S.C. § 2255. That is not the case here. Further, to the extent that Roggio relies on *Budget Blinds v. White*, 536 F.3d 244 (2008) to argue that the Third Circuit has recognized a right to bring a Rule 60(b) motion in a court outside of the one that issued it, that case addressed instances where a judgment has been registered pursuant to 28 U.S.C. § 1963 in another court, and the registering court may hear the Rule 60(b)(4) motion. *Budget Blinds*, 536 F.3d at 254. Again, that is not the case here.

14

Florida to vacate his conviction and has appealed many of those denials to the Eleventh Circuit, which has affirmed his conviction and denied his requests for relief on multiple occasions. *See United States v. Roggio*, 863 F.2d 41 (11th Cir. 1989); *United States v. Roggio*, 940 F.2d 672 (11th Cir. 1991); *Roggio v. United States*, 107 F.3d 26 (11th Cir. 1997); *Roggio v. United States*, 597 F. App'x 1051 (11th Cir. Jan. 26, 2015) (affirming denial of petition for writ of error *coram nobis*).

Voiding a judgment is an extraordinary remedy, which is used only in the most extreme and exceptional cases. *See Espinosa*, 559 U.S. at 271 (explaining that federal courts considering a Rule 60(b)(4) motion "have reserved relief only for the exceptional case"). This is, quite simply, not such a case. As such, Roggio has failed to show that relief from the Court's November 28, 2012 Opinion and Order is proper under Rule 60(b)(4).

### B.     Rule 60(b)(6)

Next, Roggio requests that the Court reopen this case and set aside the Court's November 28, 2012 Opinion and Order pursuant to Rule 60(b)(6). (Mov. Br. at 1). To support his argument that relief is warranted under Rule 60(b)(6), Roggio relies on the same arguments that he raised in support of his request under Rule 60(b)(4), contending that the Court's November 28, 2012 Opinion and Order should be set aside because those decisions (i) failed to note a prior finding made by Judge Linares in 2009, noting that certain of Roggio's amendments to his Privacy Act claim against the FBI were plausible; (ii) failed to note a prior finding made by Judge Waldor in July 2012, which found that there was good cause to seal a number of documents on the docket; (iii) did not account for a decision issued later by Judge Saylor on November 19, 2013 indicating that Roggio's criminal history record was unlawfully disseminated; (iv) ignored the blatant illegality of the publishing of non-public highly confidential FBI data to unauthorized persons; (v) failed to note that Emmanouil conspired with officers of the Court to unlawfully seize and publish

15

the legally protected FBI data which included false and expunged records in violation of Roggio's constitutional rights; and (vi) improperly relied on the fact that Plaintiff had been convicted by a jury sitting in the Southern District of Florida for mail fraud and for making false statements even though that conviction was obtained unfairly and as a result of fraud.[4] (*Id.* at 1–20; *see also* Reply at 1–16). None of these arguments, however, present extraordinary circumstances to warrant relief under Rule 60(b)(6). *Norris*, 794 F.3d at 404. The Third Circuit "has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc.*, 280 F.3d at 273 (citation and quotations omitted). Roggio's arguments, at best, only express a disagreement with the Court's November 28, 2012 Opinion and Order. That is insufficient to warrant relief under Rule 60(b)(6). *See id.* ("This court has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances.").

Even if Plaintiff demonstrated grounds for relief under Rule 60(b)(6), such a motion must be brought within a "reasonable time." Fed. R. Civ. P. 60(c)(1). While the Third Circuit has not defined what constitutes a reasonable time for filing, courts have found that a two-year delay in filing a Rule 60(b)(6) motion does not satisfy a "reasonable time" requirement. *See Moolenaar*, 822 F.2d at 1348 (finding that two-year delay was not reasonable time to bring Rule 60(b)(6) motion). Roggio has not demonstrated any reason as to why he waited more than eleven years to file his motion, and the Court does not construe any. As such, the Court does not find that it has been brought within a reasonable time. *See Williams v. City of Erie Police Dep't*, 639 F. App'x

---

[4] Again, to the extent Roggio seeks to challenge his conviction or sentence via an independent action under Fed. R. Civ. P. 60(b), that effort fails. *See* Fed. R. Civ. P. 1; *Murphy*, 836 F. App'x at 85; *Hughley*, 2004 WL 1749188, at *1; *Fouche*, 2008 WL 576986, at *1.

895, 898 (3d Cir. 2016) (affirming district court's determination that motion to reopen filed seventeen months after judgment, was not filed within a reasonable time under Rule 60(b)(6)).

In sum, Roggio has failed to show that he is entitled to the extraordinary relief from judgment provided for by Rule 60(b)(6).

### C.     Rule 60(d)(1)

Next, Roggio requests that the Court reopen this case and set aside the Court's November 28, 2012 Opinion and Order pursuant to Rule 60(d)(1). (Mov. Br. at 1). To support his argument that relief is warranted under Rule 60(d)(1), Roggio again relies on the same arguments that he raised in support of his request under Rule 60(b)(4) and Rule 60(b)(6).[5] (*Id.* at 1–20; *see also* Reply at 1–16). None of those arguments warrant relief under Rule 60(d)(1). As described above, "[a]lthough several courts of appeal have acknowledged that an independent action under Rule 60(d)(1) may be an appropriate vehicle for reviewing a time-barred Rule 60(b) motion, Rule 60(d) is available 'only to prevent a grave miscarriage of justice.'" *Jackson*, 2019 WL 4604027, at *3 (citations omitted). Roggio's arguments, which at best only express a disagreement with the Court's November 28, 2012 Opinion and Order, fail to demonstrate that a failure to set aside those decisions would result in a miscarriage of justice. *See Russomanno v. Sumitomo Pharma Am., Inc.*, No. 24-1080, 2024 WL 1632946, at *1 (3d Cir. Apr. 16, 2024) (noting that a Rule 60(d) motion cannot be used as a vehicle for relitigation of the issues); *see also Brown v. Dist. Att'y of Cnty. of Lancaster*, No. 20-5234, 2023 WL 11053046, at *1 (E.D. Pa. Apr. 25, 2023) (finding that plaintiff failed to demonstrate that a failure to reopen his time-barred habeas petition would result

---

[5]     Again, to the extent Roggio seeks to challenge his conviction or sentence via an independent action under Fed. R. Civ. P. 60(d), that effort fails. Roggio may not seek relief from a criminal sentence under Federal Rule of Civil Procedure 60(d). *See* Fed. R. Civ. P. 1; *See Millan v. United States*, No. 09-10014, 2011 WL 5169443, at *4 (S.D.N.Y. Oct. 31, 2011) ("Judge Dolinger properly concluded that post-conviction relief under Rule 60(d)(3) is unavailable because '[P]etitioners' jury-tampering claims are attacking the integrity of the [criminal] trial, not their prior habeas proceedings.'"); *United States v. Pope*, 124 F. App'x 680, 681 (2d Cir. 2005)).

in a miscarriage of justice where he identified no intervening change in law that undermined original ruling or any new evidence to show that original ruling was erroneous). As such, his request for relief under Rule 60(d)(1) is unavailing.

### D.    Rule 60(d)(3)

Finally, Roggio requests that the Court reopen this case and set aside the Court's November 28, 2012 Opinion and Order pursuant to Rule 60(d)(3). (Mov. Br. at 1). To support his argument that relief is warranted under Rule 60(d)(3), Roggio again relies on the same arguments that he raised in support of his request under Rule 60(b)(4), Rule 60(b)(6), and Rule 60(d)(1).[6] (*Id.* at 1–20; *see also* Reply at 1–16). None of those arguments meet the demanding requirements of Rule 60(d)(3). As described above, Rule 60(d)(3) provides that a court has the power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). "The concept of '[f]raud upon the court should . . . embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct.'" *Hobbs*, 2009 WL 1975452, at * 3. A party seeking to reopen a case under Rule 60(d)(3) must establish fraud upon the court by clear and convincing evidence. *See Fake*, 830 F. App'x at 713. Courts have concluded that "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the [C]ourt." *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (internal quotation marks omitted); *see also United States v. Int'l Tel. & Tel. Corp.*, 349 F. Supp. 22, 29 (D. Conn.

---

[6]    Again, to the extent Roggio seeks to challenge his conviction or sentence via an independent action under Federal Rule of Civil Procedure 60(d), that effort fails. Roggio may not seek relief from a criminal sentence under Federal Rule of Civil Procedure 60(d)60(d). *See* Fed. R. Civ. P. 1; *See Millan*, 2011 WL 5169443, at *4.

18

1972). Here, Roggio has not established fraud on the court or any egregious misconduct sufficient to warrant relief under Rule 60(d)(3). Rather, Plaintiff complains that the Court overlooked tangential and irrelevant facts in rendering its prior decision and otherwise only expresses disagreement with the Court's November 28, 2012 Opinion and Order (Mov. Br. at 1-20), which is insufficient to invoke relief under Rule 60(d)(3). *See 800 Servs., Inc. v. AT&T Corp.*, 822 F. App'x 98, 98 (3d Cir. 2020) (explaining that "[l]itigants routinely disagree about how courts should view the evidence" but a "losing party cannot just repackage that disagreement to claim" fraud on the court). And the vast majority of the allegations contained in Plaintiff's motion and the documents filed therewith appear to pertain to the criminal trial that resulted in his prior conviction and have no relation to the Court's November 28, 2012 Opinion and Order, which addressed his case against the FBI. (Mov. Br. at 1–20; *see also* Reply at 1–16). There are no allegations of fraud perpetrated by officers of the court that did not allow the "judicial machinery" in this case against the FBI to function. The claim of fraud under Rule 60(d)(3) is specious and as such, Roggio is not entitled to relief under that rule. *See Herring v. United States*, 424 F.3d 384, 386–87 (3d Cir. 2005) (concluding that a determination of fraud on the court must be supported by clear, unequivocal, and convincing evidence).[7]

---

[7] During the pendency of Roggio's motion, he filed a motion for judicial notice advancing arguments in further support of his motion for relief under Rule 60(b) and Rule 60(d). (D.E. No. 184). In light of the Court's ruling on Roggio's motion, the motion for judicial notice is moot. Accordingly, the motion for judicial notice is denied. *Emmanouil v. Roggio*, No. 06-1068, 2014 WL 1744986, at *6 (D.N.J. Apr. 30, 2014).

Finally, to the extent Plaintiff continues to seek an evidentiary hearing (*see* D.E. Nos. 171 & 178), his request must be denied because he does not state how an evidentiary hearing would further claims presently before this Court. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citation omitted) ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."). Accordingly, any reqaest for an evidentiary hearing is denied.

## IV.     CONCLUSION

Based on the foregoing, Roggio's motion to reopen this case and set aside the Court's November 28, 2012 Opinion and Order pursuant to Federal Rules of Civil Procedure 60(b) and 60(d) is **DENIED**.  An appropriate Order follows.

Dated: August 22, 2024                                                                       *s/ Esther Salas*
                                                                                             **Esther Salas, U.S.D.J.**