Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VINCENT VICTOR ROGGIO, and CALLIE LASCH ROGGIO,**<br><br>                    **Plaintiffs,**<br><br>           v.<br><br>**FEDERAL BUREAU OF INVESTIGATION,** *et al.*,<br><br>                    **Defendants.** | Civil Action No. 08-4991 (ES) (JRA)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court are multiple motions filed by *pro se* plaintiff[1] Vincent Victor Roggio ("Plaintiff"): (i) a Motion for Reconsideration of the Court's August 22, 2024 Opinion and Order denying Plaintiff's motion to reopen the case and set aside the Court's November 28, 2012 Opinion and Order[2] pursuant to Federal Rules of Civil Procedure 60(b) and 60(d) (D.E. No. 192 ("Motion for Reconsideration" or "Mov. Br.")), which defendant Federal Bureau of Investigation ("FBI" or "Defendant") opposed (D.E. No. 193 ("Opp. Br.")), and Plaintiff replied (D.E. No. 195 ("Reply Br.")); (ii) a Motion to take "Judicial Notice of Law and Adjudicative Facts Pursuant to N.J.R.E.

---

[1] The Court acknowledges Callie Lasch Roggio is also listed as a plaintiff on the docket for this matter, but she has not signed on to nor separately joined any of the motions addressed herein. To the extent Plaintiff attempts to bring any of the instant motions on behalf of Callie Lasch Roggio, any such attempt is improper. It is well-settled that one *pro se* litigant cannot represent another *pro se* litigant. *See Belpasso v. Bender*, No. 08-3362, 2009 WL 2762354, at *1 (D.N.J. Aug. 28, 2009). As such, the Court construes the instant motions as being brought only by plaintiff Vincent Victor Roggio.

[2] On November 28, 2012, the late Honorable Dickinson R. Debevoise, U.S.D.J., granted defendant Federal Bureau of Investigation's motion for summary judgment and dismissed this action with prejudice. (D.E. Nos. 168 & 169).

201" (D.E. No. 194[3]); (iii) a "Motion Pursuant to Federal Rules of Evidence Article IV Rule 403" (D.E. No. 196); (iv) a "Motion to Dismiss Indictments 84-8069 and 85-0764 for the District Court's Lack of Subject Matter Jurisdiction and Multiple Violations of Due Process" (D.E. No. 197), which Defendant opposed (D.E. No. 198), and Plaintiff replied (D.E. No. 199); (v) a "Motion to Take Judicial Notice of Law and Adjudicative Facts Pursuant to N.J.R.E. 201" (D.E. No. 200); (vi) a "Motion to Take Judicial Notice of Law and Adjudicative Facts Pursuant to N.J.R.E. 201 for the Court to Speak Up For Justice" (D.E. No. 202); (vii) an "Objection to Magistrate Judge's 4/24/2025 [Text] Order and Memorandum In Support of Relief Under Rule 60(B)(3), (4) and (6)" (D.E. No. 204), which the Court construes as an appeal of the Text Order that the Honorable José R. Almonte, U.S.M.J., issued on April 24, 2025[4] (D.E. No. 203); (viii) a "Motion for Leave to File Amended Complaint to Join Additional Defendants" (D.E. No. 205), which Defendant opposed (D.E. No. 206), and Plaintiff replied (D.E. No. 208); and (ix) a "Letter Brief in Lieu of a Formal Motion" (D.E. No. 209). Having considered the parties' various submissions, the Court decides Plaintiff's motions without oral argument. *See* Fed. R. Civ. P. 78(b); *see also* L. Civ. R. 78.1(b). For the following reasons, Plaintiff's Motion for Reconsideration (D.E. No. 192) is **DENIED**, and Plaintiff's various other motions and requests (*see* D.E. Nos. 194, 196, 197, 200, 202, 204, 205 & 209) are **DENIED AS MOOT**.

---

[3]  In this filing, Plaintiff requests the Court take judicial notice of certain law and facts, so the Court construes this filing as a motion even though Plaintiff did not title it as such nor formally file it as a motion. (*See* D.E. No. 194).

[4]  Judge Almonte's April 24, 2025 Text Order states as follows:

> The Court is in receipt of Plaintiff's "Motion to Take Judicial Notice of Law and Adjudicative Facts Pursuant to N.J.R.E. 201" (ECF No. 202). The motion seems to be filed in connection to Plaintiff's motion for reconsideration that is currently pending before the Court (ECF No. 192). The Court will determine whether it needs to take judicial notice of the additional information when issuing a decision on the motion pending at ECF No. 192. Therefore, Plaintiff's motion at ECF No. 202 is administratively terminated.

(D.E. No. 203).

**I.    BACKGROUND**

The Court incorporates by reference the factual and procedural background set forth in its August 22, 2024 Opinion. (*See* D.E. No. 190).

On August 22, 2024, the Court issued an Opinion and Order denying Plaintiff's motion—pursuant to Federal Rules of Civil Procedure 60(b)(4), 60(b)(6), 60(d)(1), and 60(d)(3)—to reopen this case and set aside Judge Debevoise's November 28, 2012 Opinion and Order, which granted Defendant's motion for summary judgment and dismissed this action with prejudice. (*See* D.E. Nos. 190 & 191). The Court found Plaintiff failed to show he is entitled to relief from the November 28, 2012 decision under Rules 60(b)(4), 60(b)(6), 60(d)(1), or 60(d)(3). (*See* D.E. No. 190). Among other things, the Court noted that Plaintiff's arguments at best only express a disagreement with Judge Debevoise's November 28, 2012 decision and fail to demonstrate how not setting aside that decision would result in a miscarriage of justice. (*Id.* at 16–17).

On September 5, 2024, Plaintiff filed a Motion for Reconsideration of the Court's August 22, 2024 Opinion and Order.[5] (Mov. Br.). On October 3, 2024, Defendant filed an opposition[6] (Opp. Br.), and on October 7, 2024, Plaintiff filed a reply (Reply Br.). Plaintiff subsequently filed

---

[5] Plaintiff also submitted a number of exhibits, totaling 89 pages, in support of his Motion for Reconsideration. (*See* D.E. Nos. 192-1 & 192-2). However, Plaintiff does not clearly explain what these exhibits are, how they relate to his Motion for Reconsideration, or whether any or all of these exhibits were before the Court when it issued its August 22, 2024 Opinion and Order. In any event, it does not appear that these exhibits are newly discovered, and accordingly the Court may decline to consider them in connection with Plaintiff's Motion for Reconsideration. *See Kagalwalla v. Downing*, No. 17-2071, 2019 WL 13271875, at *1 (D.N.J. June 6, 2019) (denying a plaintiff's motion for reconsideration, finding, among other things, that the additional documentary evidence the plaintiff submitted in support of that motion "[wa]s not newly discovered" and that the "[p]laintiff [] provided no explanation for why these documents were not provided to the Court along with the initial motion, [and] thus the Court may decline to consider them[.]" (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) ("Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration"))). Moreover, even if the Court considered these exhibits, they would not change the Court's decision herein.

[6] Defendant acknowledged its opposition brief to Plaintiff's Motion for Reconsideration was belatedly filed, apologized to the Court for the delay in filing, and respectfully requested that the Court accept its submission *nunc pro tunc*. (Opp. Br. at 1 n.1). The Court exercises its discretion to accept Defendant's belated submission *nunc pro tunc*; however, even if the Court did not consider Defendant's untimely opposition brief, that would not change its decision herein.

several other motions and requests (*see* D.E. Nos. 194, 196, 197, 200, 202, 204, 205 & 209), which have all been temporarily held in abeyance pending the outcome of Plaintiff's Motion for Reconsideration.

## II. LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Grp., Inc.*, No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan. 13, 2010). To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court commits clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008)). Thus, an individual "must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* (citations omitted). "In the context of a reconsideration motion, manifest injustice will generally arise only where 'the Court overlooked some dispositive factual or legal matter that was presented to it,' or committed a 'direct, obvious, and observable' error." *Martinez v. Robinson*, No. 18-1493, 2019 WL 4918115, at *1 (D.N.J. Oct. 4, 2019) (citation omitted); *see also* L. Civ. R. 7.1(i).

The Court construes a *pro se* litigant's filings liberally. *Barel v. Fed. Nat'l Mortg. Ass'n*,

No. 19-6054, 2019 WL 13213884, at *1 (D.N.J. Sept. 3, 2019); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "reconsideration is an extraordinary remedy[] that is granted 'very sparingly,' and only when 'dispositive factual matters or controlling decisions of law' were brought to the court's attention but not considered." *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citations omitted); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005) ("Relief under Rule 7.1(i) will be granted 'very sparingly.'" (citation omitted)); *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992) (explaining that motions for reconsideration are considered "extremely limited procedural vehicle[s]").

"Reconsideration motions may not be used to relitigate old matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order." *Martinez*, 2019 WL 4918115, at *1 (citation omitted); *see also Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (noting that reconsideration may not be "used as an opportunity to relitigate the case"). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked[.]" L. Civ. R. 7.1(i). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Danise v. Saxon Mortg. Servs. Inc.*, 738 F. App'x 47, 52 (3d Cir. 2018) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). In other words, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("[M]ere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a

5

motion for reargument."). "Moreover, Rule 7.1(i) does not allow parties to restate arguments which the court has already considered; rather, a difference of opinion with the court's decision should be dealt with through the normal appellate process." *Fellenz*, 400 F. Supp. 2d at 683 (quoting *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988)).

**III.    DISCUSSION**

Plaintiff argues the Court should reconsider and reverse its August 22, 2024 Opinion and Order denying Plaintiff's motion to reopen the case and set aside Judge Debevoise's November 28, 2012 Opinion and Order, which granted Defendant's motion for summary judgment and dismissed Plaintiff's case with prejudice. (*See generally* Mov. Br.; Reply Br.).  Among other things, Plaintiff conclusorily argues that the Court's August 22, 2024 Opinion was based on a "palpably incorrect or irrational basis" and that the Court's "adoption of [Judge Debevoise's] November 28, 2012 Opinion is factually and legally flawed" (Mov. Br. at 1, 10–12), but he does not explain how.  Plaintiff also asserts the Court's August 22, 2024 Opinion fails to address that he has "automatic standing to seek suppression of evidence seized in violation of the Fourth Amendment and the New Jersey Constitution Article 1 ¶ 7." (Mov. Br. at 14; *see also id.* at 1, 11). However, the vast majority of Plaintiff's other statements and arguments in his Motion for Reconsideration and the documents filed therewith appear to pertain either to (i) allegations related to his criminal trial in the Southern District of Florida that resulted in his prior conviction, or (ii) his disagreement with Judge Debevoise's November 28, 2012 Opinion, which he never appealed. (*See generally* Mov. Br.; Reply Br.).

In opposition, Defendant argues the Court should deny Plaintiff's Motion for Reconsideration because Plaintiff fails to meet the standard for reconsideration in that he does not

6

identify any controlling decisions of law or dispositive factual matters that the Court overlooked in reaching its August 22, 2024 decision. (*See generally* Opp. Br.). Defendant states that Plaintiff instead (i) "points to multiple alleged errors in his 1987 jury trial and conviction in the Southern District of Florida" that had nothing to do with the instant case, (ii) improperly requests a suppression hearing, which is beyond the scope of his Motion for Reconsideration and in any event can only be requested in a criminal case, not a civil case like the instant matter, and (iii) reiterates arguments that the Court has already rejected. (*Id.* at 3–4).

The Court agrees with Defendant that none of Plaintiff's statements or arguments in his Motion for Reconsideration set forth a valid basis for reconsideration. Specifically, Plaintiff has not identified any intervening change in the controlling law, has failed to identify any new evidence that was not available when the Court issued its August 22, 2024 Opinion and Order, and has not shown "the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe*, 176 F.3d at 677. Plaintiff has also failed to demonstrate how the Court's holdings in its August 22, 2024 decision "were without support in the record" or "would result in 'manifest injustice' if not addressed." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6. Plaintiff has not established how the Court committed an error or overlooked some dispositive factual or legal matter that was presented to it in rendering its August 22, 2024 decision. *See Martinez*, 2019 WL 4918115, at *1. Accordingly, Plaintiff has failed to identify any proper basis for reconsideration of the Court's August 22, 2024 Opinion and Order.

Rather, Plaintiff simply reiterates and rehashes the same or similar arguments he has previously made, which the Court has already rejected. As noted above, the vast majority of Plaintiff's Motion for Reconsideration appears to relate to allegations pertaining to his criminal trial in the Southern District of Florida and/or his disagreement with Judge Debevoise's November

28, 2012 Opinion. (*See generally* Mov. Br.; Reply Br.). Tellingly, Plaintiff never appealed Judge Debevoise's November 28, 2012 Opinion. Instead, he waited nearly eleven years before filing his motion to reopen this case, which motion the Court appropriately denied in its August 22, 2024 Opinion and Order. (*See* D.E. No. 170; *see also* D.E. Nos. 190 & 191). While Plaintiff disagrees with the Court's August 22, 2024 decision, this is not a valid basis for reconsideration. *See ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 352); *Compaction Sys. Corp.*, 88 F. Supp. 2d at 345; *see also Physicians Healthsource v. Advanced Data Sys. Int'l, LLC*, No. 16-3620, 2019 WL 11270469, at *1 (D.N.J. Aug. 20, 2019) ("[A] motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion."). "It is well established that the motion for reconsideration is not a vehicle to rehash arguments." *IQVIA, Inc. v. Veeva Sys., Inc.*, No. 17-0177, 2025 WL 957640, at *4 (D.N.J. Mar. 31, 2025) (first citing *Averhart v. Commc'ns Workers of Am.*, 688 F. App'x 158, 164 (3d Cir. 2017) (affirming District Court's denial of a motion for reconsideration where movant "rehashed" earlier arguments); and then citing *Altana Pharma AG v. Teva Pharm. USA, Inc.*, No. 04-2355, 2009 WL 5818836, at *1 (D.N.J. Dec. 1, 2009) ("[C]ourts in this District routinely deny motions for reconsideration that simply re-argue the original motion."))); *see also Jarzyna v. Home Props., L.P.*, 185 F. Supp. 3d 612, 622 (E.D. Pa. 2016), *aff'd*, 783 F. App'x 223 (3d Cir. 2019) ("Because of the court's interest in the finality of judgments, motions for reconsideration 'should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court.' Said differently, a motion for reconsideration may not be used to give a litigant a 'second bite at the apple,' and therefore should not be 'grounded on a request that a court rethink a decision already made.'" (citations omitted)); *cf. Emmanouil v. Mita Mgmt., LLC*, No. 11-5575,

2023 WL 3481233, at *2 (D.N.J. May 16, 2023) (denying Plaintiff's motion for reconsideration in another case, noting that Plaintiff failed to identify any appropriate basis for reconsideration and instead "rehashes the same arguments that multiple courts have repeatedly rejected").

Therefore, Plaintiff's Motion for Reconsideration (D.E. No. 192) is **DENIED**.[7] In light of the Court's ruling on Plaintiff's Motion for Reconsideration, the Court does not reach the merits of Plaintiff's various other motions and requests (*see* D.E. Nos. 194, 196, 197, 200, 202, 204, 205 & 209), and accordingly those motions and requests are **DENIED AS MOOT**.

### IV.   CONCLUSION

Based on the foregoing, Plaintiff's Motion for Reconsideration is **DENIED**, and Plaintiff's various other motions and requests are **DENIED AS MOOT**. This case shall remain **CLOSED**. An appropriate Order follows.

**Dated: May 28, 2025**                                           *s/ Esther Salas*
                                                                   **Esther Salas, U.S.D.J.**

---

[7] Further, to the extent Plaintiff is requesting a suppression hearing or seeking to suppress evidence, that request is not properly before this Court, and even if it were, "[m]otions to suppress are filed in criminal cases, not civil cases" like this matter. *Evans v. Hansen*, No. 20-0860, 2021 WL 465908, at *1 (W.D. Wis. Feb. 9, 2021); *see also Amatrone v. Champion*, No. 15-1356, 2017 WL 6001741, at *1 (N.D. Cal. Apr. 26, 2017) ("A motion to suppress is a criminal pre-trial motion, Fed. R. Crim. P. 12(b)(3)(C), and therefore requests a remedy that is not available in this civil case."); Fed. R. Crim. P. 12(b)(3)(C). Accordingly, any such request is **DENIED**.